UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                                |
|------------------------------|---|--------------------------------|
| **NATALIE BROWN**, *et al.*, ) |   |                                |
| Plaintiffs,                  ) |   |                                |
| v.                           ) | Civil Action No. 14-1090 (RMC) |
| **SUNTRUST BANKS, INC.**, *et al.*, ) |   |                          |
| Defendants.                  ) |   |                                |

**OPINION**

Defendants seek to transfer this case to the Northern District of Georgia, where two substantially identical cases have been in litigation for the past three years. All Defendants, key witnesses, and relevant documents are located in Georgia, and the ERISA plan at issue is administered there. Plaintiffs do not live in the District of Columbia. Because the public and private interest factors weigh in favor of transfer, Defendants' motion to transfer will be granted.

**I. FACTS**

This case is a civil enforcement action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, for breach of fiduciary duty, self dealing, and prohibited transactions. *See* Compl. [Dkt. 1] ¶ 1 (citing 29 U.S.C. § 1132(a)(2) & (3)). Plaintiffs are four Virginia residents, Natalie Brown, Elaine Jefferson, Barbara Kennedy, and Mariah Williams, who are participants in the SunTrust Banks Inc. 401(k) Plan (Plan). *Id.* ¶¶ 1, 15-18. They seek to bring this suit as a class action on behalf of all similarly situated participants. *Id.* ¶ 1. The Plan has over 39,000 participants, and the class is composed of thousands of people who reside in numerous locations. *See id.* ¶ 78.

1

Defendants are SunTrust Banks, Inc.; the SunTrust Banks Inc. Benefits Plan Committee (Plan Committee); the SunTrust Banks Inc. Benefits Finance Committee (Finance Committee); Ridgeworth Capital Management, Inc.; and nineteen individuals who are or were members of the SunTrust Board of Directors, members of the Plan Committee, and members of the Finance Committee. SunTrust is headquartered and maintains its principal place of business in Atlanta, Georgia. The 401(k) Plan at issue is a "defined contribution" employee pension benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2)(A). SunTrust is the "sponsor" of the Plan, *see id*. § 1102(16)(B), and the Plan Committee is the sole named fiduciary of the Plan as well as the "administrator" responsible for day-to-day operations, *see id*. § 1002(16)(A). The Plan Committee holds its meetings at the SunTrust headquarters in Atlanta, and the Plan's records are held there. Of the nineteen individuals named as Defendants here, only two lived and worked outside of Atlanta; the two who did not live and work in Atlanta regularly traveled there to conduct business. All but five currently reside within the jurisdiction of the U.S. District Court for the Northern District of Georgia; none of them resides in the District of Columbia. Because the Plan is administered in Atlanta, the alleged breaches of fiduciary duty at issue in this lawsuit occurred there.

Plaintiffs' counsel, who has an office in the District of Columbia, previously filed two lawsuits in the Northern District of Georgia against these same Defendants: *Fuller v. SunTrust Banks, Inc*., Case No. 1:11-cv-00784-ODE (N.D. Ga.) (filed Mar. 11, 2011) and *Stargel v. SunTrust Banks, Inc.*, Case No. 1:12-cv-03822-ODE (N.D. Ga.) (filed Oct. 31, 2012). Plaintiffs acknowledge that the *Fuller* and *Stargel* cases included the claims brought in this suit. *See* Compl. ¶ 90. The district court dismissed *Fuller* as time-barred under ERISA, and the Eleventh Circuit recently affirmed. *See Fuller v. SunTrust Banks, Inc*., 744 F.3d 685 (11th Cir.

2014). The district court also dismissed *Stargel* on statute of limitations grounds, and the plaintiffs have appealed that decision. *See Stargel*, Case No. 1:12-cv-03822-ODE (Order dated Aug. 7, 2013), *appeal filed*, No. 14-13207 (11th Cir.) (Notice of Appeal July 16, 2014). Defendants move to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Generally, a "[p]laintiff's choice of forum is given paramount consideration and the burden of demonstrating that an action should be transferred is on the movant." *Air Line Pilots Ass'n v. E. Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987). The moving party bears the burden of establishing that (a) the plaintiff could have originally brought the action in the proposed transferee district, and (b) considerations of convenience and the interest of justice weigh in favor of transfer. *See Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). The private interests that must be balanced are:

> (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.

*Id*. Public interest considerations include:

> (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.

*Id*.

### III. ANALYSIS

#### A. Venue is Proper in the Proposed Transferee Court

The threshold question under § 1404(a) is whether venue would be proper in the proposed transferee court, *i.e.*, the Northern District of Georgia. ERISA provides that both jurisdiction and venue are proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the plan is administered in Atlanta, the alleged breaches of fiduciary duty occurred there, and SunTrust is headquartered there, jurisdiction and venue are proper in the Northern District of Georgia.

#### B. Private and Public Interest Factors

The first factor for consideration is the plaintiff's choice of forum. Plaintiffs' choice of forum is entitled to less deference than it otherwise would be because no Plaintiff is a resident of the District of Columbia and all Plaintiffs lack a substantial connection to this forum. *See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 150 (D.D.C. 2008) (citation omitted). Ordinarily, a plaintiff's choice of forum is given paramount consideration, *see Air Line Pilots*, 672 F. Supp. at 526, but the plaintiff's choice is diminished, or even negated, where key factors are not present. *Aucoin v. Prudential Ins. Co. of Am.*, 959 F. Supp. 2d 185, 190 (D.D.C. 2013). Such key factors are not present where the chosen forum has no meaningful ties to the controversy, where the ERISA plan at issue is administered outside the forum, and where the forum is not a plaintiff's home court. *Id.*; *see also Kotan v. Pizza Outlet, Inc*., 400 F. Supp. 2d

4

44, 49 (D.D.C. 2005) (transferring case to Pennsylvania, despite Maryland residents choice of the District of Columbia as forum). Notably, "[u]nder a statute establishing national service of process [such as ERISA[1]], a court should be vigilant to possible forum shopping, especially when the underlying case has little or no connection to the district in which it sits." *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 30 (D.D.C. 2013). Further, in a class action where plaintiffs purport to represent class members who live throughout the country, plaintiffs' choice of forum receives less weight. *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 157 (D.D.C. 2008). Here, Plaintiffs assert a class action as representatives of class members who live all over the United States, and thus the Court does not defer to their choice of forum. Further, Plaintiffs' choice of forum does not deserve much weight inasmuch as the District of Columbia has no meaningful ties to the dispute—the ERISA Plan is administered in Georgia and Plaintiffs reside in Virginia. The only asserted tie to the District of Columbia is that Plaintiffs' counsel has an office here. "The location of counsel carries little, if any, weight in an analysis under § 1404(a)." *Mazzarino*, 955 F. Supp. 2d at 30 (citation omitted).

The second factor is defendant's choice of forum. "The weight of a defendant's choice of forum may be strengthened when the weight of the plaintiff's choice is comparatively weak." *Virts v. Prudential Ins. Co. of Am.*, 950 F. Supp. 2d 101, 106 (D.D.C. 2013). Because these Plaintiffs' choice of the District of Columbia is especially weak, Defendants' choice of forum is entitled to more consideration. The third factor to be examined is where the claims arose. Because the Plan is administered in Georgia, the alleged breaches of fiduciary duty occurred there and the claims arose there.

---

[1] ERISA provides that "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

5

The fourth and fifth factors are the convenience of the parties and the witnesses, and the sixth factor is access to sources of proof. SunTrust is located in Atlanta, and all but two of the nineteen individual Defendants (former and current SunTrust employees) lived and worked in Atlanta during the relevant time. All of the Plan documents are in Atlanta. The majority of the key witnesses, *i.e*., individual Defendants, still live in Georgia. Only five of the nineteen individual Defendants now live elsewhere. While Plaintiffs seek to represent a large class, a small percentage of whom live in the District of Columbia, Plaintiffs themselves live in Virginia. Admittedly, the District of Columbia is closer to Plaintiffs' Virginia residences than Atlanta, Georgia, but by filing this suit outside their home district, Plaintiffs have signaled a willingness to travel and thus their interest in convenience is reduced. *See Virts*, 950 F. Supp. 2d at 107. The six private interest factors favor transfer.

The public interest factors also favor transfer. The first is the transferee's familiarity with the governing laws. In the ERISA context, some courts have found that this factor does not affect the transfer analysis because "all federal courts are competent to decide federal issues correctly." *Aucoin*, 959 F. Supp. 2d at 192 (citation omitted). Other courts have noted that this factor relates to whether the transferee court is familiar with the applicable precedents and can advance the public interest in the uniform interpretation of ERISA. *See Virts*, 950 F. Supp. 2d at 107-08. The Northern District of Georgia is familiar with the applicable precedents and can advance the public interest in uniform interpretation of ERISA, as that district handled the *Fuller* and *Stargel* cases.

The relative congestion of the calendars of the potential transferee and transferor courts is the next public interest factor. The congestion of the Northern District of Georgia is about the same as this Court. *See* Table C-5, U.S. District Courts—Median Time Intervals from

Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition During the 12-Month Period Ending September 30, 2013, available at http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2013/appendices/C05Sep13.pdf (last visited on Aug. 19, 2014) (the Northern District of Georgia resolves cases pretrial in an average of 5.1 months and for trial in 28.1 months and the District of the District of Columbia resolves cases pretrial in an average of 9.9 months and for trial in 32.4 months).

The final public factor is the local interest in deciding local controversies at home. "Home" for the purpose of this case is Atlanta, Georgia. SunTrust and the majority of the individual Defendants reside there. That is the place where the Plan was administered and the alleged breaches of fiduciary duty took place.

The public and private interest considerations under § 1404(a) weigh heavily in favor of transfer. Thus, Defendants' motion will be granted, and this case will be transferred to the Northern District of Georgia.

## IV. CONCLUSION

For the reasons explained above, Defendants' motion to transfer [Dkt. 6] will be granted, and this case will be transferred to the U.S. District Court for the Northern District of Georgia. A memorializing Order accompanies this Opinion.

Date: September 3, 2014            /s/
ROSEMARY M. COLLYER
United States District Judge